1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIM RYAN CONSTRUCTION, INC.,

              Plaintiff,

       v.

BURLINGTON INSURANCE
COMPANY,

              Defendant.

CASE NO. C12-5770 BHS

ORDER REQUESTING A
RESPONSE AND RENOTING
MOTION FOR
RECONSIDERATION

        This matter comes before the Court on Defendant Burlington Insurance

Company's ("Burlington") motion for reconsideration (Dkt. 22). The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file.  For the reasons stated herein, the Court hereby requests a response

and renotes the motion.

## I. PROCEDURAL HISTORY

        On August 28, 2012, TRC filed a lawsuit against Burlington alleging: (1) breach

of contract by Burlington's refusal to defend TRC in an April 11, 2011 lawsuit filed

1    against it; (2) that Burlington acted in bad faith and violated numerous provisions of the

2    Insurance Fair Conduct Act ("IFCA"); and (3) that Burlington committed violations of

3    the Consumer Protection Act, Chapter 19.86 RCW.  Dkt. 1 at 6-7.   On October 8, 2012,

4    Burlington filed an answer to TRC's complaint and a counterclaim seeking declaratory

5    judgment that Burlington has no duty to defend TRC in the April 11, 2011 lawsuit

6    ("underlying lawsuit"), and that Burlington has no duty to indemnify TRC in the

7    underlying lawsuit.  Dkt. 8 at 6-7.  It also seeks costs and disbursements incurred herein

8    and any other relief the Court deems just and equitable. *Id.*  On October 18, 2012, TRC

9    filed a motion for partial summary judgment.  Dkt. 9.  On October 22, 2012, TRC filed an

10   answer to Burlington's answer and counterclaim.  Dkt. 10.  On November 5, 2012,

11   Burlington filed a response to TRC's motion for partial summary judgment.  Dkt. 15.  On

12   November 9, 2012, TRC filed a reply to Burlington's response.  Dkt. 18.

13         On December 17, 2012, the Court issued an order granting in part TRC's motion

14   for partial summary judgment.  Dkt. 22.  The Court found, in part, that Burlington

15   breached its duty to defend TRC as an additional insured under a policy Burlington held

16   with Sound Glass Sales, Inc. ("Sound Glass"), a TRC subcontractor on a project that is a

17   subject of the underlying lawsuit, and that Burlington acted in bad faith in doing so.  *See*

18   Dkt. 22. On December 31, 2012, Burlington filed a motion for reconsideration of the

19   Court's order arguing that it was manifest error of law for the Court to find Burlington's

20   conduct was unreasonable as a matter of law such that it acted in based faith.  *See* Dkt.

21   25.

22

# II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).  In its motion for reconsideration, Burlington does not contest that it has a duty to defend TRC in the underlying lawsuit[1].  Dkt. 25 at 1. Rather, Burlington argues that the Court committed manifest error in concluding that it acted in bad faith because under Burlington's interpretation of its policy coverage was possible and therefore neither illusory nor unreasonable.  Dkt. 25 at 3-6.

In its previous order, the Court, in part, considered the additional insured endorsement of Burlington's policy with Sound Glass which reads:

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the schedule, but only with respect to liability arising out of "your work" for that insured by or for you. It is agreed that such insurance as is afforded by this policy for the benefit of the Additional Insured shall be primary insurance, and any other insurance maintained by the Additional Insured shall be excess and non-contributory, but only as respects any claim, loss or liability arising out of the operations of the Named Insured, and only if such claim, loss or liability is determined to be solely due to the negligence or responsibility of the Named Insured.

Dkt. 9 at 9.  In its prior order, the Court agreed with TRC's analysis of this endorsement finding in summary that:

---

[1] Burlington maintains that it has been defending TRC in the underlying lawsuit since October 2012.  Dkt. 25 at 6.

1    As TRC argues, Burlington's interpretation of the additional insured
     endorsement renders Burlington's duty to defend illusory and therefore
2    unreasonable.  Dkt. 9 at 20-21 & *see Quadrant Corp. v. American States Ins. Co.,*
     154 Wn.2d 165, 184-85 (2005) (insurance policies must be construed to avoid
3    rendering contractual obligations illusory).  Burlington's argument that it has no
     duty to defend is grounded in its interpretation of the additional insured
4    endorsement, which discusses the determination of the extent of loss and liability
     of the named insured.  The *final determination* of the named insured's loss and
5    liability has no bearing on a insurer's duty to defend in the first instance.

6   Dkt. 22 at 10-11 (emphasis added).  Based upon the foregoing analysis, the Court

7   concluded that "Burlington acted in bad faith because it breached its duty to defend and

8   its reason for doing so, its interpretation of its own policy, was unreasonable."  *Id*. at 13

9   (*citing St. Paul Fire & Marine Ins. Co. v. Onvia, Inc*., 165 Wn.2d 122, 130 (2008)

10  (*quoting Smith v. Safeco Ins. Co*., 150 Wn.2d 478, 485 (2003) (an insurer acts in bad faith

11  if its breach of the duty to defend was unreasonable, frivolous, or unfounded)).

12       In its motion, Burlington maintains that it never interpreted or advanced the

13  argument that the language of the additional insured endorsement meant that in order to

14  "determine" whether it had a duty to defend required resolution or adjudication of Sound

15  Glass's liability.  Dkt. 25 at 3-6.  Burlington appears to provide sound legal support for

16  its argument that the word "determination" in the sense it used the term (or any variation

17  thereof) in the policy portions it cited, in declining to defend TRC, or in its arguments

18  opposing TRC's summary judgment motion, did not mean that final adjudication/

19  resolution of the underlying lawsuit was necessary to decide if it had a duty to defend.

20  Dkt. 25 at 4-6.

21       Supporting its argument with a number of cases from Illinois appellate courts,

22  Burlington also maintains that its interpretation of its additional insured endorsement is

ORDER - 4

1 reasonable and not illusory because "a number of other courts considering similar policy

2 provisions have held that an insurer is not obliged to provide a defense to an additional

3 insured where the underlying complaint was not based solely on the negligence of the

4 named insured." *See id.* at 6 (citations omitted).

5       Upon review, the Court finds that Burlington raises some potentially persuasive

6 arguments which are supported by citation to legal authority. Thus, for the Court to fully

7 assess the motion for reconsideration, it concludes TRC should provide a brief

8 responding to Burlington's arguments regarding whether it acted in bad faith in

9 determining if it had a duty to defend TRC when TRC tendered Burlington the 2011

10 complaint. Accordingly, the Court requests that TRC file a response, not to exceed 10

11 pages, no later than February 1, 2013. Burlington may file a reply no longer than 6 pages

12 on or before February 8, 2013.

13 **III. ORDER**

14       Therefore, it is hereby **ORDERED** that Burlington's motion for reconsideration

15 (Dkt. 25) is **RENOTED** for consideration on the Court's February 8, 2013 calendar.

16       Dated this 23rd day of January, 2013.

17

18

19 BENJAMIN H. SETTLE
    United States District Judge

20

21

22