1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIM RYAN CONSTRUCTION, INC.,

               Plaintiff,

     v.

BURLINGTON INSURANCE
COMPANY,

               Defendant.

CASE NO. C12-5770 BHS

ORDER GRANTING MOTION
TO EXTEND DEADLINES BY
SIXTY DAYS

12

13

14

15

16

17

18

     This matter comes before the Court on Defendant Burlington Insurance

Company's ("Burlington") motion to extend the deadlines for adding parties and filing

amended pleadings by ninety days (Dkt. 26).  The Court has considered the pleadings

filed in support of and in opposition to the motion and the remainder of the file.  For the

reasons stated herein, the Court grants the motion to extend the requested deadlines by

sixty days.

19

## I.      PROCEDURAL HISTORY

20

21

     On December 31, 2012, Burlington filed the instant motion to extend deadlines for

motions to add parties and for filing amended complaints.  Dkt. 26. On January 9, 2013,

22

ORDER - 1

1  Plaintiff Tim Ryan Construction ("TRC") filed a brief in opposition to Burlington's

2  motion.  Dkt. 27.  On January 11, 2013, Burlington filed a reply.  Dkt. 29.

3                              **II.     DISCUSSION**

4       Burlington seeks to extend two deadlines: (1) the date for motions to add parties

5  from December 31, 2012 to March 29, 2013; and (2) the date for filing amended

6  pleadings from January 9, 2013 to April 9, 2013.  Dkt. 26 at 1. In summary, Burlington

7  asks for this 90-day extension so that it is able to identify through discovery other

8  appropriate parties and to file amended pleadings to bring such parties into the action, if

9  necessary.  *Id*. at 2.  Burlington has already served discovery and is awaiting responses

10  that it expects will identify additional insurers that provided coverage to TRC (as either a

11  primary insured or an additional insured) in the underlying lawsuit.  *Id*.  Burlington

12  expects this discovery will include the identity of TRC's primary insurance provider that

13  was defending TRC in the underlying suit, before TRC released it from its defense and

14  indemnity obligations in a negotiated settlement.  *Id*.  Burlington believes that all insurers

15  who may have a defense and/or indemnity obligation to TRC should be included in this

16  lawsuit so that all claims for contribution and indemnity may be resolved in a single

17  proceeding.  *Id*.

18       In brief, TRC maintains that Burlington's arguments are without merit because (1)

19  Burlington has no legal right to seek equitable contribution from other insurers under

20  Washington law; and (2) the identity of the other insurers is publicly available, negating

21  the need to extend time to complete additional discovery.  Dkt. 27 at 1.  TRC argues

22  Burlington has no right to seek equitable contribution because Burlington has never

1 | participated in TRC's defense, that no authority in Washington gives it the right to

2 | participate in its defense, "nor has TRC voluntarily consented to Burlington's

3 | participation" after it "refused to participate in bad faith." *Id*. at 2.  To support its

4 | contention that under Washington law Burlington is not entitled to contribution from

5 | other insurers with whom TRC settled, TRC cites *Toste v. Durham & Bates Agencies,*

6 | *Inc.*, 116 Wn. App. 516, 523 (2003), which confirms that Washington has a public policy

7 | of encouraging settlements by extinguishing settling defendants' liability to non-settling

8 | defendants.  *See id.* at 4.

9 | In its reply, Burlington responds that TRC shows no prejudice to it.  Dkt. 29 at 1.

10 | Rather, Burlington contends that TRC makes legal and factual arguments that go to the

11 | merits of claims that Burlington "might potentially assert against insurance companies

12 | that have not yet been (and may never be) added to this law suit." *Id*.  Further,

13 | Burlington maintains that only minimal information regarding other insurers is publicly

14 | available.  *Id*. at 2.  Other information sought in discovery, such as other insurers'

15 | insurance policies and settlement agreements that TRC has allegedly reached with other

16 | insurers, must also be considered in Burlington's analysis and actual insurance policies.

17 | *Id*.

18 | Under Fed. R. Civ. P. 16(b)(4), the Court may extend deadlines for good cause

19 | shown.  In this case, not all the information that Burlington has sought through discovery

20 | is publicly available; therefore, Burlington has the right to seek it through discovery.

21 | Additionally, while Washington courts have recognized a public policy encouraging

22 | settlement and give trial courts discretion to enter bar orders precluding contribution

1 | claims against settling insurers by non-settling insurers, a court only enters a contribution

2 | bar order where an appropriate showing has been made regarding whether the proposed

3 | settlement is reasonable and the interests of the non-settling defendants are protected and

4 | where the court is assured of the factual fairness and correct application of legal

5 | principles to the case before it. *See, e.g., Franklin v. Kaypro Corp.,* 884 F. 2d 1222, 1229

6 | (9th Cir. 1989). Because a bar order does not issue automatically and motion for a bar

7 | order is not before the Court, then, of course, the Court can make no ruling relating to

8 | such an order. *See* Dkt. 29 at 5. Finally, TRC fails to demonstrate that significant

9 | prejudice will result from extension of the aforementioned deadlines.

10 | Given the information in the record, the Court determines that good cause exists to

11 | extend the deadlines Burlington seeks by approximately 60 days. Accordingly, the

12 | deadline for motions to add parties is extended from December 31, 2012 to February 28,

13 | 2013; and (2) the deadline for filing amended pleadings from January 9, 2013 to March 9,

14 | 2013. All other deadlines remain the same.

## III.   ORDER

16 | Therefore, it is hereby **ORDERED** that Burlington's motion for an extension of

17 | deadlines is **GRANTED** as set out above.

18 | Dated this 29th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4