1

2

3                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
4

5   TIM RYAN CONSTRUCTION, INC,

6                  Plaintiff,                   CASE NO. C12-5770 BHS

7        v.                                     ORDER DENYING MOTION
                                                FOR RECONSIDERATION
8   BURLINGTON INSURANCE
    COMPANY,
9
                   Defendant.
10

11          This matter comes before the Court on Defendant Burlington Insurance

12   Company's ("Burlington") motion for reconsideration (Dkt. 22 ). The Court has

13   considered the pleadings filed in support of and in opposition to the motion and the

14   remainder of the file.  For the reasons stated herein, the Court denies the motion.

15                    **I. PROCEDURAL & FACTUAL BACKGROUND**

16          On August 28, 2012, TRC filed a lawsuit against Burlington alleging: (1) breach

17   of contract by Burlington's refusal to defend TRC in an April 11, 2011 lawsuit filed

18   against it; (2) that Burlington acted in bad faith and violated numerous provisions of the

19   Insurance Fair Conduct Act ("IFCA"); and (3) that Burlington committed violations of

20   the Consumer Protection Act, Chapter 19.86 RCW.  Dkt. 1 at 6-7.   On October 8, 2012,

21   Burlington filed an answer to TRC's complaint and a counterclaim seeking declaratory

22

1  judgment that Burlington has no duty to defend TRC in the April 11, 2011 lawsuit

2  ("underlying lawsuit"), and that Burlington has no duty to indemnify TRC in the

3  underlying lawsuit.  Dkt. 8 at 6-7.  It also seeks costs and disbursements incurred herein

4  and any other relief the court deems just and equitable. *Id.*  On October 18, 2012, TRC

5  filed a motion for partial summary judgment.  Dkt. 9.  On October 22, 2012, TRC filed an

6  answer to Burlington's answer and counterclaim.  Dkt. 10.  On November 5, 2012,

7  Burlington filed a response to TRC's motion for partial summary judgment.  Dkt. 15.  On

8  November 9, 2012, TRC filed a reply to Burlington's response.  Dkt. 18.

9       On December 17, 2012, the Court issued an order granting in part TRC's motion

10 for partial summary judgment.  Dkt. 22.  The Court found, in part, that Burlington

11 breached its duty to defend TRC as an additional insured under a policy Burlington held

12 with Sound Glass Sales, Inc. ("Sound Glass"), a TRC subcontractor on a project that is a

13 subject of the underlying lawsuit, and that Burlington acted in bad faith in doing so.  *See*

14 Dkt. 22.  On December 31, 2012, Burlington filed a motion for reconsideration of the

15 Court's order, arguing that it was manifest error of law for the Court to find Burlington's

16 conduct was unreasonable as a matter of law such that it acted in bad faith.  *See* Dkt. 25.

17 Burlington does not contest the Court's determination that it has a duty to defend TRC.

18      On January 23, 2013, upon review of the motion for reconsideration, the Court

19 found that Burlington raised some potentially persuasive arguments.  Dkt. 33 at 5.  To

20 fully assess the motion for reconsideration, the Court established a briefing schedule

21 requiring TRC to respond to Burlington's arguments regarding whether it acted in bad

22 faith in determining if it had a duty to defend TRC and renoted the motion for

ORDER - 2

1  reconsideration.  *Id.*  On February 8, 2013, TRC filed a response.  On February 20, 2013,

2  Burlington filed a reply.  Dkt. 41.

3  **II. DISCUSSION**

4  **A.      Motion for Reconsideration Standard**

5      Motions for reconsideration are governed by Local Rule CR 7(h), which provides

6  as follows:

7          Motions for reconsideration are disfavored. The court will ordinarily
        deny such motions in the absence of a showing of manifest error in the
8        prior ruling or a showing of new facts or legal authority which could not
        have been brought to its attention earlier with reasonable diligence.

9
   Local Rule CR 7(h)(1).  In this case, Burlington argues that the Court committed manifest

10  error in concluding that it acted in bad faith because under Burlington's interpretation of

11  its policy coverage was possible and therefore neither illusory nor unreasonable.  Dkt. 25

12  at 3-6.

13      TRC argues that Burlington acted in bad faith as a matter of law essentially

14  because it declined to defend TRC based on a questionable interpretation of the AIE,

15  which has not been considered by Washington courts; it failed to give TRC the benefit of

16  any doubt as to the duty to defend; and it failed to timely defend TRC under a reservation

17  of rights. Dkt. 40 at 4.  Further, TRC argues that Burlington acted in bad faith as a matter

18  of law independently of whether its interpretation of AIE was unreasonable because,

19  regardless of Burlington's purportedly reasonable interpretation of the AIE, it relied on a

20  questionable interpretation of the AIE and failed to give TRC the benefit of the doubt as

21  to the duty to defend.  *Id.* at 4-5.

22

1    With regard to attorneys' fees and IFCA claims, Burlington maintains that if the

2    Court reconsiders its underlying finding that Burlington's denial was unreasonable as a

3    matter of law, such reconsideration will also decide the outcome of TRC's partial

4    summary judgment motion on those claims.  Dkt. 25 at 1-2, n.1.  TRC disputes

5    Burlington's contentions and maintains the Court's reconsideration of its finding that

6    Burlington unreasonably denied coverage has no impact on the award of attorney fees

7    and maintains that Burlington violated IFCA.  Dkt. 40 at 10-11.

8    **1.    Duty to Defend and Bad Faith Standards**

9         **a.    Duty to Defend**

10        The duty to defend "is broader than the duty to indemnify."  *Woo v. Fireman's*

11   *Fund Ins. Co.*, 161 Wn.2d at 52.  The duty to defend "arises at the time an action is first

12   brought, and is based on the potential for liability."  *Id.* (*quoting Truck Ins. Exch. v.*

13   *VanPort Homes Inc.*, 147 Wn.2d 751, 760 (2002)).  "An insurer has a duty to defend

14   'when a complaint against the insured, construed liberally, alleges facts which could, if

15   proven, impose liability upon the insured within the policy's coverage.'"  *Woo*, 161

16   Wn.2d at 52–53 (*quoting Truck Ins.*, 147 Wn.2d at 760).  An insurer is not relieved of its

17   duty to defend unless the claim alleged in the complaint is "clearly not covered by the

18   policy."  *Id.*  (*citing Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561 (1998)).  Moreover, if

19   a complaint is complaint is ambiguous, a court will construe it liberally in favor of

20   "triggering the insurer's duty to defend."  *Id.*  (*citing R.A. Hanson Co. v. Aetna Ins. Co.*,

21   26 Wn. App. 290, 295 (1980)).  In contrast, the duty to indemnify "hinges on the

22   insured's actual liability to the claimant and actual coverage under the policy."  *Hayden*

1   *v. Mutual of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64 (2000).  In sum, the duty to defend is

2   triggered if the insurance policy conceivably covers the allegations in the complaint,

3   whereas the duty to indemnify exists only if the policy actually covers the insured's

4   liability.

5        The insurer must investigate the claim, that is, consider facts outside the

6   complaint, if (1) coverage is not clear from the face of the complaint but may nonetheless

7   exist, or (2) the allegations are in conflict with facts known to or readily ascertainable by

8   the insurer, or the allegations of the complaint are ambiguous or inadequate.  *Truck Ins.*,

9   147 Wn.2d at 276.  However, "[t]he insurer may not rely on facts extrinsic to the

10  complaint to deny the duty to defend−it may do so only to trigger the duty." *Woo*, 161

11  Wn.2d at 54 (*citing Truck Ins.,* 147 Wn.2d at 761).

12              **b.    Bad Faith**

13       An insurer acts in bad faith if its breach of the duty to defend was unreasonable,

14  frivolous, or unfounded.  *American Best Food, Inc. v. Alea London, Ltd*. 168 Wn 2d 398,

15  412-13 (2010) (*citing St. Paul Fire & Marine Ins. Co. v. Onvia, Inc*., 165 Wn.2d 122, 130

16  (2008) (citations omitted)). While "[t]he insurer is entitled to investigate the facts and

17  dispute the insured's interpretation of the law," it must defend the claim "if there is any

18  reasonable interpretation of the facts or the law that could result in coverage…."

19  *American Best Food, Inc.*, 168 Wn.2d at 412-13.  Additionally, an insurer's "refusal to

20  defend [an insured] based upon an arguable interpretation of its policy [is] unreasonable

21  and therefore in bad faith." *Id.* at 414.  An insured may defend under a reservation of

22

1  rights and may seek declaratory relief to establish that its policy excludes coverage.

2  *Truck Ins. Exch.*, 147 Wn.2d at 760–61.

3    A motion for summary judgment should be granted only when, viewing the

4  evidence in the light most favorable to the nonmoving party, there is no genuine issue as

5  to any material fact and the moving party is entitled to judgment as a matter of law. Fed.

6  R. Civ. P. 56(a); *Sony Computer Entm't Am., Inc. v. Am. Home Assurance Co.*, 532 F.3d

7  1007, 1011 (9th Cir.2008).  The factual issue of whether an insurer acted in bad faith may

8  be decided on a motion for summary judgment "if there are no disputed material facts

9  pertaining to the unreasonableness of the insurer's conduct under the circumstances," or

10  "reasonable minds could not differ that [the insurer's] denial of coverage was based upon

11  unreasonable grounds."  *Smith v. Safeco Ins. Co*, 150 Wash.2d 478, 486-87 (2003); *see*

12  *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 902 (9th Cir.2012).

13    **2.**  **Application of Duty to Defend and Bad Faith Standards**

14      **a.**  **Policy**

15    At issue in this suit is a portion of Burlington's policy with Sound Glass, which is

16  an additional insured endorsement for TRC.  It reads:

17     WHO IS AN INSURED (Section II) is amended to include as an
insured the person or organization shown in the schedule, but only with

18  respect to liability arising out of "your work" for that insured by or for you.
It is agreed that such insurance as is afforded by this policy for the benefit

19  of the Additional Insured shall be primary insurance, and any other
insurance maintained by the Additional Insured shall be excess and non-

20  contributory, but only as respects any claim, loss or liability arising out of
the operations of the Named Insured, and only if such claim, loss or

21  liability is determined to be solely due to the negligence or responsibility of
the Named Insured.

22

ORDER - 6

Dkt. 9 at 9.

In Burlington's response to TRC's motion for partial summary judgment, it argues that the clear language of the policy indicates that the "Additional Insured" (TRC) will be covered "only if such a claim, loss or liability is determined to be solely due to the negligence or responsibility of the Named Insured" (Sound Glass).  Dkt. 15 at 5-6.  In determining that Burlington acted in bad faith, the Court agreed with TRC's analysis of the AIE, finding TRC's

> interpretation of the language of the policy reasonable.  Burlington's duty to defend its additional insured is not conditioned upon the existence of other insurance maintained by TRC; nor is it conditioned upon a determination that Sound Glass is solely liable. Dkt. 9 at 20. The endorsement simply provides that other insurance maintained by TRC is automatically rendered excess and non-contributory to Burlington's primary coverage.

Dkt. 22 at 10-11.  Based on this interpretation, the Court found that the final determination of the named insured's loss and liability has no bearing on an insurer's duty to defend in the first instance.  *Id*.  Thus, the Court agreed with what TRC advanced as Burlington's interpretation of the AIE and concluded that:

> (a) a determination concerning the extent of the Named Insured's liability necessary requires a resolution/adjudication of the underlying claim; and (b) a resolution/adjudication of the underlying claim leaves nothing left to defend. Thus, Burlington's interpretation of the Additional Insured Endorsement (as "applying" only once a loss is determined to be solely due to the negligence or responsibility of the Named Insured) renders Burlington's duty to defend illusory…..

Dkt. 22 at 11 (*citing* Dkt. 9 at 20-21).

1    In its motion for reconsideration, Burlington maintains that, contrary to TRC and

2    the Court's reading, Burlington never interpreted or advanced the argument that the

3    language of the AIE meant that in order to "determine" whether it had duty to defend

4    required resolution or adjudication of Sound Glass's liability.  Dkt. 25 at 3-6.  Burlington

5    argues that "[u]nder the AIE, the TBIC policy provides primary coverage (for purposes of

6    triggering the duty to defend) when the claim or loss is determined to be solely due to the

7    named insured's negligence or responsibility."  *Id.* at 4.   According to Burlington, the

8    insurer has the duty to determine if the underlying "claim" or "loss" is based solely on the

9    named insured's negligence or responsibility.  *Id.*  Burlington contends this is precisely

10   the type of "determination" insurers typically make in analyzing the duty to defend.  *Id.*

11   (*citing see*, *e.g.*, *Woo,* 161 Wn.2d 43, 53-54 ("Notice pleading rules * * *impose a

12   significant burden on the insurer to determine if there are any facts in the pleadings that

13   could conceivably give rise to a duty to defend")).  Thus, Burlington argues that the

14   Court based its decision on an interpretation it never advanced and with which Burlington

15   disagrees.  *Id.* at 5.

16   TRC observes that the interpretation of the AIE that Burlington offers in its

17   motion for reconsideration draws a "curious distinction" between "claim" or "loss" and

18   "liability."   Dkt. 40 at 8.  The term "liability" means "[t]he quality or state of being

19   legally obligated or accountable; legal responsibility to another or to society, enforceable

20   by civil remedy or criminal punishment ...."  Black's Law Dictionary, 9th edition.

21   Without directly conceding, Burlington implies that an insured's "liability" is a

22   determination made by the court, rather than the insurer in this context.  Dkt. 25 at 4,

n.2.[1]  Yet, Burlington's interpretation reads against the plain language of the AIE, which says, in pertinent part, coverage exists "only if such a claim, loss or liability is determined to be solely due to the negligence of the Named Insured." Dkt. 9 at 9.  The Court finds that Burlington's analysis of the AIE is at least arguable.  Burlington effectively argues that in one clause the word "determination" has two different subjects, the insurer and the court, and therefore two different meanings, depending on the context of who is doing the determining.  While Burlington's interpretation of its policy language may not render its duty to defend illusory, as the Court previously found (Dkt. 22 at 11), Burlington's interpretation of the language in the AIE is at least arguable.

In defending its position that Burlington acted in bad faith, TRC maintains that under *American Best Foods v. Alea*, 168 Wn.2d 398 (2010), Burlington acted in bad faith as a matter of law.  In *American Best Foods,* as TRC interprets it, the insurer (Alea) denied having a duty to defend its insured based on an interpretation of an exclusion that had yet to be considered by Washington courts. Dkt. 40 at 3.  Alea argued it did not commit bad faith because its refusal to defend the insured was based on a reasonable interpretation of the exclusion.  *Id.*  Noting the lack of Washington case law interpreting the exclusion and the uncertainty created by differing interpretations of the policy exclusion in other jurisdictions, however, the Washington Supreme Court confirmed the insurer breached its duty to defend in bad faith as a matter of law by relying on an

---

[1] According to Burlington, "[t]he court in the underlying action might ultimately determine liability, but would not make any other determination as to the whether the claim or loss (including portions that do not ultimately result in liability) fall within the scope of the AIE" Dkt. 25 at 4, n. 2.

1    arguable interpretation of its policy and failing to give the insured the benefit of any

2    doubt as to the duty to defend. *Id.* The court in *American Best Foods* held in relevant

3    part:

4            Again, if there is any reasonable interpretation of the facts or the law
      that could result in coverage, the insurer must defend. *Truck Ins. Exch.*, 147

5          Wash.2d at 760, 58 P.3d 276 (*citing Kirk*, 134 Wash.2d at 561, 951 P.2d
      1124)… It cannot be said that the insurer did not put its own interest ahead

6          of its insured when it denied a defense based on an arguable legal
      interpretation of its own policy. Alea failed to follow well established

7          Washington State law giving the insured the benefit of any doubt as to the
      duty to defend and failed to avail itself of legal options such as proceeding

8          under a reservation of rights or seeking declaratory relief. Alea's failure to
      defend based upon a questionable interpretation of law was unreasonable

9          and Alea acted in bad faith as a matter of law.

10   *Id.* (*citing American Best Foods*, 168 Wn. 2d at 413). The Court finds the foregoing to be

11   an accurate representation of relevant portions of the case.

12        TRC argues that Burlington denied having a duty to defend based on an

13   interpretation of the AIE that had yet to be considered by Washington courts; as

14   acknowledged by Burlington, there is uncertainty created by different interpretations of

15   the AIE in other jurisdictions (e.g. Illinois)[2]; Burlington failed to give TRC the benefit of

16

17   _____

18       [2] In an attempt to argue that its interpretation of the AIE was reasonable, Burlington
discusses the conflicting Illinois court decisions with similar AIE provisions. Burlington states

19   "TRC previously relied on a different Illinois case, *Pekin Ins. Co. v. Hallmark Homes*, LLC, 912
N.E.2d 250 (Ill.Ct. App. 2009), for the proposition that the theoretical possibility that an
additional insured could be liable based solely on the named insured's negligence is enough to

20   trigger the defense obligation. Dkt. 14-1, p. 17 n.62." Burlington states the *Hallmark Homes*
case is inconsistent with the cases it cited because that court explicitly disagreed with the

21   reasoning in the other cases Burlington cites for support. *Hallmark Homes*, 912 N.E.2d at 256.
Burlington maintains "[t]hat the appellate courts of Illinois disagree on whether or not language

22   similar to the AIE requires a defense in these circumstances simply demonstrates that TBIC's
position is not unreasonable." Dkt. 25 at 6 n.6.

1    any doubt as to the duty to defend; and Burlington failed to timely defend TRC under a

2    reservation of rights or seek declaratory relief.  Dkt. 40 at 4.  Thus, argues TRC, like

3    Alea, Burlington acted in bad faith as a matter of law.

4        Though the Court concurs with Burlington's argument that the facts of this case

5    differ from *American Best Foods* (Dkt. 41 at 3-5), it disagrees that the factual variance

6    compels a different outcome.  Not having presented or found any Washington case law

7    which addresses substantially similar AIE language; relying on an interpretation of its

8    policy language about which not only TRC disputed but also Illinois courts hold

9    conflicting views (albeit with slightly different language), and which the Court finds

10   arguable, Burlington's refusal to defend TRC without first defending under a reservation

11   of rights and seeking declaratory relief was unreasonable and constitutes bad faith as a

12   matter of law.  *See American Best Foods*, 168 Wn.2d at 412-113.

13       However, even if the Court did not find that Burlington acted in bad faith based on

14   the reasoning set forth above, it still finds that it acted in bad faith in its resort to extrinsic

15   evidence to support is position that it had no duty to defend TRC.

16               **b.    Extrinsic Evidence**

17       The undisputed facts of this case are that TRC tendered the complaint in the

18   underlying lawsuit to Burlington in February 2012.  Based on allegations in the

19   complaint, Burlington found that Sound Glass was not alleged to be solely liable for the

20   claimed damages, as it maintains that based on the complaint coverage was not available.

21   Dkt. 16 at 3.  While effectively asserting that the complaint itself served as a sufficient

22   basis to deny coverage, in an attachment to Burlington's April 10, 2012 letter to TRC

1    denying coverage, it also acknowledged the "vague allegation" existed "that Sound

2    Glass's work [was] defective."  Dkt. 10-6 at 52.

3       It is also undisputed that TRC provided additional information regarding Sound

4    Glass's workmanship and Burlington reviewed that extrinsic evidence.  However, some

5    inconsistency exists in Burlington's responses regarding its review of extrinsic evidence.

6    On the one hand, Burlington states that on the face of the complaint, it was clear Sound

7    Glass was not solely liable and therefore not covered under the policy.  Dkt. 16 at 3.  On

8    the other hand, Burlington maintains that notwithstanding that determination it was

9    entitled to look to extrinsic evidence, citing the two exceptions provided under

10    Washington law which permit resort to extrinsic evidence for the purposes of finding a

11    duty to defend.  *See* Dkts. 16 at 3 & 41 at 6, n. 11.  To have found it necessary to review

12    extrinsic evidence, Burlington must have found coverage was unclear from the face of the

13    complaint, or the allegations conflicted with readily known information or were

14    ambiguous or inadequate[3].  *Truck Ins*, 147 Wn.2d at 276.[4]

15       Burlington's actions and admissions are evidence that some doubt existed as to

16    whether Burlington had a duty to defend.  Otherwise, Burlington would have had no need

17    to assess the extrinsic evidence.  Yet, Burlington did assess extrinsic evidence and,

18

19

20    [3] The Court finds Burlington's argument that it looked to extrinsic evidence "for the sole purpose of finding coverage" unpersuasive, as Burlington cites no case law to support that such conduct is permissible for an insurer who subsequently uses that extrinsic information to deny or

21    to  continue to deny coverage. Dkt. 41 at 6.

   [4] Although Burlington maintains that it acted "exactly as prescribed in Washington cases"

22    (Dkt. 41 at 6), Burlington never identifies which of the two exceptions it availed itself of when it resorted to extrinsic evidence and continued to deny coverage.  *Id*.

1   contrary to law, it continued to deny that it had a duty to defend based on that evidence."

2   *Woo*, 161 Wn.2d at 54 ("The insurer may not rely on facts extrinsic to the complaint to

3   deny the duty to defend—it may do so only to trigger the duty").  Given the allegations in

4   the complaint that various subcontractors were alleged to be liable, the fact that Sound

5   Glass was a TRC subcontractor, Burlington's acknowledgment that vague allegations

6   existed regarding Sound Glass's defective work, and Burlington's resort to review of

7   extrinsic evidence to determine whether it had a duty to defend, the Court concludes that

8   Burlington acted in bad faith in its handling of TRC's claims by failing to resolve all

9   doubts about coverage in favor of the insured and resorting to extrinsic evidence to

10   support its denial of its duty to defend.

11 **B.    Other Claims**

12       The Court's prior order finding violations of IFCA and awarding attorney fees

13   (Dkt. 22 at 13-15) remains unchanged.

14                               **III. ORDER**

15       Therefore, it is hereby **ORDERED** that Burlington's motion for reconsideration

16   (Dkt. 25) is **DENIED.**  To the extent the reasoning in this order conflicts with the Court's

17   prior order (Dkt. 22), the reasoning herein supersedes that of the prior order.

18       Dated this 22nd day of March, 2013.

19

20

21                         BENJAMIN H. SETTLE
                        United States District Judge

22